IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John David Baker, #57359-018, ) | |
| ) | No. 6:17-cv-01525-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Thomas Kane, Acting Director, FBOP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on: (1) United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R&R"), ECF No. 10, that the court deny plaintiff's emergency motion requesting a temporary restraining order ("TRO") and injunctive relief, ECF No. 1; and (2) plaintiff's motion for reconsideration of the court's July 31, 2017 order dismissing the case for failure to comply with a court order, ECF No. 23. For the following reasons, the court adopts the R&R, ECF No. 10, denies plaintiff's emergency motion, ECF No. 1, and grants plaintiff's motion for reconsideration, ECF No. 23. Additionally, the court adopts those portions of the R&R which are not inconsistent with this order.

## I. BACKGROUND

Plaintiff is a federal inmate currently housed at FCI Fort Dix in New Jersey, serving a twenty-five year term of imprisonment for producing child pornography. On or about June 5, 2017,[1] plaintiff filed an emergency motion requesting a TRO and injunctive relief pro se, asking the court for a restraining order against defendant to terminate

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

1

plaintiff's then-impending transfer from FCI Estill in South Carolina, where he was housed at the time of filing. Emergency Mot. 1. He avers that after Bureau of Prisons ("BOP") officials discovered an investigation by the government of the United Kingdom into his prior mistreatment and retributive measures taken against him while in transit in federal custody, BOP officials arbitrarily reassigned him to another prison, causing plaintiff to "be forced into prisoner transit where he will be vulnerable to yet more mistreatment, either directly, indirectly, or encouraged." Id. at 2. His prior mistreatment allegedly occurred on December 12, 2013, shortly after his sentencing while in transit at the Federal Transit Center Oklahoma City in Oklahoma. Id. While there, he was forced into a cell with a violent gang member who, after being told the nature of plaintiff's charges by a BOP staff member, assaulted plaintiff in the locked cell. Id. He now contends that defendant's placement of plaintiff back into transit "when his safety is better assured at FCI Estill[] is evidence of preemptive measures being taken by the BOP[,]" requesting the court's intervention by ordering defendant to terminate the transit order from FCI Estill because of "the potentially life-threatening danger this movement through transfer may cause." Id. at 3.

On June 13, 2017, the magistrate judge issued the R&R, recommending that the court deny plaintiff's emergency motion because: (1) the BOP has complete and absolute discretion of where to confine a prisoner; and (2) plaintiff failed to demonstrate all four factors requisite for a TRO and injunctive relief, specifically that he is likely to succeed on the merits because an inmate has no constitutional right to be housed in a particular prison. R&R 3. The R&R specifically advised the parties of the procedure for filing objections thereto and the consequences if they failed to do so. Id. at 4. Also on June 13,

2017, the magistrate judge issued a proper form order, providing plaintiff with explicit instructions and a timeline to bring this case into proper form for evaluation and possible service of process. ECF No. 9. The proper form order warned plaintiff that failure to do so would subject the case to dismissal.

On July 6, 2017, the court issued an order affirming the R&R and denying plaintiff's emergency motion, noting that plaintiff failed to timely file objections to the R&R. ECF No. 12. On or about July 27, 2017, plaintiff filed a motion for an extension of time to file objections to the R&R. ECF No. 21. However, on July 31, 2017, the court issued an order dismissing the case without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure because plaintiff failed to comply with the proper form order. ECF No. 17.

On August 14, 2017, plaintiff filed a motion for reconsideration of the court's July 31, 2017 order dismissing the case, alleging that the BOP purposefully withheld the proper form order sent by the court until after the deadline for plaintiff to comply elapsed. He further alleges that he never received the forms enclosed with the proper form order because the BOP removed those forms from the envelope sent by the court. Defendant has not filed a response in opposition to plaintiff's motion; however, he has not yet been served with a summons in this case.

Subsequently, on September 13, 2017, the court granted plaintiff's motion for an extension of time to file objections to the R&R, extending the deadline to October 16, 2017. ECF No. 25. On or about October 16, 2017, plaintiff timely filed objections to the R&R, ECF No. 28. The R&R and motion for reconsideration are now ripe for the court's consideration.

3

## II. STANDARDS OF REVIEW

The court is charged with liberally construing pro se complaints and petitions, which are held to a less stringent standard than those drafted by attorneys, in order to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980) (per curiam) (citations omitted). Liberal construction, however, does not mean that the court may ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

The magistrate judge's recommendation does not carry presumptive weight, and it is the court's responsibility to make a final determination. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may "accept, reject, or modify, in whole or in part," the recommendations contained in that report. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Plaintiff objects to the magistrate judge's findings that "'it is well settled that an inmate has no [c]onstitutional right to be housed in a particular prison' and that the BOP 'has complete and absolute discretion regarding where a prisoner is to be held in confinement.'" Obj. 1 (quoting R&R at 3). He asserts: (1) "that no article of the Constitution allows for the BOP to use a prison transfer as a retaliatory tactic"; (2) "[m]oving a prisoner 1000+ miles away from his family as punishment after learning of a foreign government's investigation into violations of his human rights is not

4

permissible"; and (3) "for the BOP to interfere with a prisoner's access to the Court by opening, reading, and deliberately delaying the delivery of Court Orders during a suit in which he challenges the BOP's tactics demonstrates further retaliation, prejudice, and . . . disregard for Due Process." Id. at 1–2.

First, the court notes that plaintiff comes before the court through an emergency motion seeking a restraining order proscribing defendant from transferring plaintiff from FCI Estill. Emergency Mot. 1. Plaintiff has yet to articulate any further relief sought. The purpose of the proper form order and the documents enclosed therein is, in pertinent part, to allow plaintiff to draft and submit a complaint for service on defendant, which is necessary to a civil action. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). The court is unable to fully assess the credibility of his allegations that BOP officials have tampered with his legal mail because those officials are not parties to this proceeding. However, construing plaintiff's allegations as true, the court gives plaintiff the benefit of the doubt. Therefore, the Clerk of Court is directed to mail a copy of this order, the proper form order, and the proper form documents to plaintiff. Plaintiff shall comply with the proper form order no later than twenty-one days from the date that this order is entered (plus three days for mail time). If plaintiff is unable to comply with the court's orders due to interference by BOP officials, then his avenue for relief is to initiate a lawsuit against those individuals for interfering with his access to the courts.

Turning to the merits of his emergency motion, the court reviews the R&R's recommendation that the court deny the emergency motion under a de novo lens. A plaintiff seeking a TRO or preliminary injunction must establish four things: (1) he is

likely to succeed on the merits; (2) he will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) the TRO is in the public interest. Marhaygue, LLC v. Wolfpac Techs., Inc., No. 2:12-cv-322-RMG-JDA, 2012 WL 554571 at *2 (D.S.C. Feb. 6, 2012) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)), adopted in 2012 WL 566895 (D.S.C. Feb. 21, 2012). Plaintiff "bears the burden of establishing that each of these factors supports granting the injunction." See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citations omitted). Because injunctive relief is an "extraordinary remedy[,]" it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22 (citation omitted).

With respect to the first factor, the magistrate judge observed that "[i]t is well-settled that an inmate has no constitutional right to be housed in a particular prison, at any particular custody level, or in a particular portion or unit of a prison." R&R 3 (citing Olim v. Wakinekona, 461 U.S. 238, 245–48 (1983); Meachum v. Fano, 427 U.S. 215, 224–28 (1976)). The court agrees, and plaintiff fails to establish this factor. See 18 U.S.C. § 3621(b) (granting BOP plenary power to designate place of confinement); Olim, 461 U.S. at 245, 247–48 ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. . . . Even when . . . the transfer involves long distances and an ocean crossing, the confinement remains within constitutional limits[,] . . . [and] does not deprive an inmate of any liberty interest protected by the Due Process Clause[.]"); see also Chase v. Comm'r of Md. Dep't of Corr., 378 F. App'x 332, 334 (4th Cir. 2010) (per curiam) (affirming district court's denial of prisoner's motion for

6

order compelling prison official to transfer him to another institution); In re Rice, 33 F. App'x 108, 109 (4th Cir. 2002) (per curiam) (denying prisoner's petition for a writ of mandamus seeking an order directing BOP to transfer him from a Maryland prison to one in Virginia).

With respect to the second factor, the magistrate judge noted that plaintiff alleges "he is afraid of retribution or mistreatment if he is transferred; however, he does not allege any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief as opposed to suggesting a possibility of irreparable harm." R&R 3. After reviewing plaintiff's emergency motion, the court agrees with the magistrate judge. A plaintiff seeking injunctive relief must demonstrate a sufficient likelihood of future injury, not a mere possibility, to warrant such equitable relief. See Winter, 555 U.S. at 22 (citations omitted) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."). On the face of his emergency motion, plaintiff fails to allege a likelihood of injury. See Emergency Mot. 2–3 (emphasis added) (alleging he "will be forced into prisoner transit where he will be vulnerable to yet more mistreatment" and requesting the court "to terminate the transit order . . . based upon the potentially life-threatening danger this movement through transit may cause."). Furthermore, his alleged prior assault in 2013 while in transit does not lend credence to a likelihood of injury. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992) (citation omitted) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). Accordingly, plaintiff fails to satisfy the second factor as well. Failure to satisfy any one of the four

7

factors is sufficient for the court to deny a request for injunctive relief, and because two factors are lacking—as the magistrate judge correctly found—the court adopts the R&R and denies plaintiff's emergency motion requesting a TRO and injunctive relief.

### IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 10, and **DENIES** plaintiff's emergency motion requesting a TRO and injunctive relief, ECF No. 1. However, the court **GRANTS** plaintiff's motion for reconsideration of the court's July 31, 2017 order dismissing the case for failure to comply with a court order, ECF No. 23. The Clerk of Court is directed to mail a copy of this order, the proper form order, and the proper form documents to plaintiff. Plaintiff shall comply with the proper form order no later than twenty-one days from the date that this order is entered (plus three days for mail time).

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 30, 2017**
**Charleston, South Carolina**

8